(R.D. 11296)

TAKARA CO., N.Y., INC., ET AL. v. UNITED STATES

Entry No. 822891, etc.

(Decided April 26, 1967)

*Norman J. Bergman* for the plaintiffs.

*Barefoot Sanders*, Assistant Attorney General, for the defendant.

FORD, Judge: The proper basis for dutiable purposes of certain barber chairs covered by the appeals for a reappraisement enumerated

in the schedule "A," attached hereto and made a part hereof, is before the court for determination.

The parties hereto have entered into a stipulation of facts wherein it has been agreed as follows:

It is hereby stipulated and agreed, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise described on the invoices as barber chairs, mechanical hair dressing beauty chairs, hair dryers and parts for all of the foregoing except vinyl in rolls, upholstery vinyl in rolls, and plastic back covers;

2. That the merchandise covered hereby was entered for consumption after February 27, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165); that none of the merchandise is identified on the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act, (T.D. 54521); that appraisement was accordingly made under section 402, Tariff Act of 1930, as amended by the Customs Simplification Act;

3. That at the time of exportation to the United States of the merchandise under consideration, barber chairs numbers 5, 560 and 700, horse shaped child's barber chair number 7 and beauty chairs numbers 105, 105c, 106 and 106c, were freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the following prices:

| #5 | Invoice | Unit | price | C. | I. | F. | plus | 5.72% | packed |
|------|------|------|------|------|------|------|------|------|------|
| #560 | " | " | " | " | " | " | " | 3.82% | " |
| #700 | " | " | " | " | " | " | " | 7.62% | " |
| #7 | " | " | " | " | " | " | " | 3.19% | " |
| #105 | " | " | " | " | " | " | " | 2.09% | " |
| #105–c | " | " | " | " | " | " | " | " | " |
| #106 | " | " | " | " | " | " | " | 4.82% | " |
| #106–c | " | " | " | " | " | " | " | " | " |

4. That the ocean freight and insurance included in said C.I.F. prices are charges which were incurred after the merchandise was packed, ready for exportation, in a principal market of Japan;

5. That as to all chairs other than those listed in Par. 3, and as to parts for all of the chairs including those listed in Par. 3, at the time of exportation to the United States of the merchandise under consideration, said merchandise was not freely sold or offered for sale in the principal markets of Japan in the usual wholesale quantities and in the ordinary course of trade for exportation to the U.S.; and they were not sold or offered for sale in the principal market of the United States for domestic consumption in the same condition in which they were imported.

6. That the constructed values of the chairs which are not listed under Par. 3 are the c.i.f. invoice unit prices less ocean freight and insurance, plus 4½%, packed.

7. That the appeals to reappraisement enumerated on Schedule "A" hereto attached and made a part hereof may be submitted on this

stipulation and are limited to the merchandise and issues described above and are abandoned in all other respects.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for barber chairs and beauty chairs numbered 5, 560, 700, 7, 105, 105–c, 106, and 106–c, and that said value is as follows, less appropriate amount for ocean freight and insurance:

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| #5 | Invoice | Unit | price | C.I.F. | plus | 5.72 | percent | packed |
| #560 | " | " | " | " | " | 3.82 | " | " |
| #700 | " | " | " | " | " | 7.62 | " | " |
| #7 | " | " | " | " | " | 3.19 | " | " |
| #105 | " | " | " | " | " | 2.09 | " | " |
| #105–c | " | " | " | " | " | 2.09 | " | " |
| #106 | " | " | " | " | " | 4.82 | " | " |
| #106–c | " | " | " | " | " | 4.82 | " | " |

and that constructed value, as that value is defined in section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value as to all chairs other than those listed above, and all parts of chairs, including parts of chairs listed above, and that said value is the c.i.f. invoice unit price, less ocean freight and insurance, plus 4½ percent, packed.

As to all other items of merchandise, the appeals for a reappraisement having been abandoned, are dismissed.

Judgment will be entered accordingly.